Filed 2/26/21  P. v. Renfro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICK WILLIAM RENFRO,<br><br>    Defendant and Appellant. | D078169<br><br><br><br>(Super. Ct. No. RIF122094) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Rick William Renfro of robbery (Pen. Code,[1] § 211) and willful infliction of corporal injury (§ 273.5, subd. (a)).  The court sentenced Renfro to an indeterminate term of 50 years to life in prison.

---

[1]    All further statutory references are to the Penal Code.

In January 2020, Renfro filed a petition for resentencing under section 1170.18 (Proposition 47) requesting resentencing for both convictions.

The trial court denied the petition by written order finding that the felony convictions in this case are not eligible for relief under section 1170.18.

Renfro filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Renfro the opportunity to file his own brief on appeal, but he has not responded.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel offers a request in lieu of listing a possible, but not arguable issue. Counsel asks: "Appellant requests that this Court review appellant's petition for resentencing (Penal Code section 1170.18, subd. (f) to determine whether the trial court erred in denying it."

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Renfro on this appeal.

---

[2] Any issues that might arise from the denial of the resentencing petition in this case are issues of law, not involving the facts of the underlying offenses. Therefore, we will omit the traditional statement of facts.

## DISPOSITION

The order denying Renfro's petition for resentencing under section 1170.18 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.